IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAVON HARRIS )<br>    Petitioner )<br>)<br>vs. )<br>)<br>PA BD OF PROBATION & PAROLE, )<br>    Respondent. ) | C.A.No. 05-133 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I  RECOMMENDATION**

It is respectfully recommended that the instant civil rights action be dismissed for Petitioner's failure to prosecute.

**II  REPORT**

Petitioner, an inmate currently incarcerated at the State Correctional Institution at Albion, Pennsylvania, filed this petition for writ of habeas corpus on May 4, 2005. Petitioner did not pay the filing fee or move for leave to proceed in forma pauperis. This case will not proceed without payment of the filing fee.

By Order of this Court dated May 10, 2005, Petitioner was instructed to either pay the filing fee or file a motion for in forma pauperis status before June 1, 2005. See Document # 1. To date, Petitioner has not complied with this Order.

By Order dated June 17, 2005, this Court directed Petitioner to show cause for his failure to comply with the previous order before July 6, 2005. The order further warned that Petitioner's continued failure to comply would result in dismissal of this action for failure to prosecute. To date, no response has been received.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1)

the extent of the party's personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and 6) the meritoriousness of the claim or defense. Id. at 868. Not all of the six factors need to weigh in favor of dismissal before dismissal is warranted. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988).

Applying the Poulis factors to the present matter, this Court recommends the dismissal of this matter. Since the filing of this matter, Petitioner has taken none of the necessary first steps to prosecute this case. Further, Petitioner has ignored orders by this Court. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Alternative sanctions, such as monetary penalties, are inappropriate with indigent parties. Although it is possible that Petitioner's allegations could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine from an illegible complaint at this early stage of the proceedings.

## III    CONCLUSION

For the foregoing reasons, it is respectfully recommended that this case be dismissed due to Petitioner's failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge

Dated: July 13, 2005