IN THE COMMONWEALTH OF PENNSYLVANIA

JAVON HARRIS
Petitioner
: PAROLE# 6192 U     CA05-133E

V
:
: COMMONWEALTH DOCKET
PENNSYLVANIA BOARD OF : APPEAL#_____
PROBATION & PAROLE
Respondent

## PETITION FOR REVIEW

TO THE HONORABLE JUDGE(S) OF SAID COURT:

NOW COMES, __JAVON HARRIS__, Petitioner, hereby petitions for review of the order of the Pennsylvania Board of Probation and Parole revoking parole, and represents the following in support:

1. This Court's jurisdiction to hear a Petition for Review from an order of the Pennsylvania Board of Probation and Parole revoking parole is established by *42 Pa.C.S.A. §763 (a)(1)*.

2. Petitioner, whose parole has been revoked, is incarcerated at the State Correctional Institution at Albion. Respondent is the Pennsylvania Board of Probation and Parole.

3. Following a hearing before the Parole Board on __(FEB) 2-26__, 20__04__, petitioner received notice that on __(FEB) 2-13__, 20__04__, the Board recommitted him as a technical parole violator to serve a total of __2 yrs. 5 mos.__ years/months backtime. A copy of that notice is attached as Exhibit #A. As reflected by the notice of hearing and charges, the technical parole violation was based on alleged violations on __6-28__, 20__04__, of conditions:
   A. __Possesion with intent to deliver__
   B. __Possesion with intent to deliver__
   C. __Escape__
   D. _____
   E. _____

4. On __2-28__, 20__05__, petitioner filed a Petition for Administrative Review with the Board. A copy of this petition is attached as Exhibit #B. On __3-29__, 20__05__, the Board mailed a notice stating that on __3-29__, 20__05__, petitioner's

Petition for Administrative Review was denied. A copy of that notice is attached as Exhibit #C.

5. The objections raised before the Board in the Petition for Administrative Review addressed the following issues:

A. Time calculation error.

B.

C.

D.

E.

WHEREFORE, this Court is requested to grant the instant Petition for Review and to vacate the order revoking parole and recommitting petitioner as a technical parole violator.

Respectfully submitted

SIGN NAME: Javon Harris
PRINT NAME: Javon HARRIS
D.O.C.# DF 7337
DATE: 4-29-05

10745 Route 18
Albion, PA 16475-0002

# UNSWORN DECLARATION

I, _Javon Harris_, hereby aver that the facts set forth in the foregoing document(s) are true and correct to the best of my knowledge, information, and belief and that any false statements made herein are subject to the penalties of perjury under the **_Pennsylvania Crimes Code, 18 Pa.C.S.A. §4904_** (*relating to unsworn falsifications to authorities*)

DATED: _4-29-05_

SIGN NAME: _Javon Harris_
PRINT NAME: _Javon Harris_
D.O.C. # _DF 7337_

10745 Route 18
Albion, PA 16475-0002

ZENSTEIN, GALLANT & PARLOW, P.C.
BY: MICHAEL K. PARLOW, ESQUIRE          ATTORNEY FOR APPELLANT
I.D. 66590
3618 Hulmeville Road
Bensalem, PA 19020
(215)639-4400

---

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA : | |
| BOARD OF PROBATION AND PAROLE : | |
| : | Parole No. 6192U |
| V. : | |
| : | ATTY I.D.#66590 |
| JAVON HARRIS : | |

## REQUEST FOR ADMINISTRATIVE RELIEF

TO THE HONORABLE BOARD OF PROBATION AND PAROLE:

The appellant, by and through his attorney, Michael K. Parlow, Esquire respectfully represents as follows:

1. On or about April 21, 1997, following a guilty plea on Bucks County Court of Common Pleas Information No. 5426/1996, the appellant was sentenced by the Honorable John J. Rufe to a three (3)-to-six (6)-year term of incarceration, with time credit from September 2, 1996, approximately 232 days.

2. On or about June 17, 1998, the appellant was arrested for a new offense, Bucks County Court of Common Pleas Information No. 5252/1998. Furthermore, the appellant was detained by the Pennsylvania Board of Probation and Parole for the new arrest.

3. The appellant remained incarcerated on both detainers while awaiting a trial date on Information No. 5252/1998.

4. On or about January 27, 1999, the appellant entered a guilty plea on Information No. 5252/1998 and was sentenced by the Honorable Isaac S. Garb to an eighteen (18)-to-thirty-six (36)-month term of incarceration, with time credit from June 17, 1998, approximately 215 days of credit.

5. On or about November 25, 1999, the Honorable Kenneth G. Biehn amended the appellant's sentence to order and direct that the sentence imposed on Information No. 5252/1998 be run concurrently with any parole violation sentence on Information No. 5426/1996.

6. On or about May 20, 2002, the appellant was paroled on Information No. 5252/1998. On Case no. 5252/1998, the appellant's calculated maximum date was June 30, 2003. On Case No. 5426/1996, the appellant's calculated maximum date was September 28, 2003.

7. On or about April 28, 2004, on Bucks County Court of Common Pleas Information No.'s 5611/2003, 5612/2003, and 7046/2003, the appellant was concurrently sentenced to a one day less than one year-to-one day less than two year term of incarceration.

8. Subsequently, pursuant to Board Action on August 12, 2004 and October 7, 2004, the Board found the appellant to be violation of his parole due to technical and direct violations. As a result, the appellant was sentenced to serve eighteen (18) months of backtime, with a new maximum date of April 14, 2007.

9. The appellant contends that the Board of Probation and Parole is not properly counting or applying proper time credit toward the appellant's previous sentences.

10. The appellant contends that the Board's erroneous time calculations violate the appellant's rights secured to him pursuant to the due process and double jeopardy clauses under Article I, Sections 9 and 10 of the Pennsylvania Constitution and the Fifth and Fourteenth Amendments to the United States Constitution, as well as Title 42, Pa.C.S.A. Sections 9760 and 9761, and Pennsylvania Rule of Criminal Procedure, Rule 705.

WHEREFORE, the appellant requests administrative relief correcting the erroneous time calculations by the Board and giving the appellant the appropriate time credit.

Respectfully submitted,

_____
Michael K. Parlow, Esq.
Attorney for Appellant



**COMMONWEALTH OF PENNSYLVANIA**
**BOARD OF PROBATION AND PAROLE**

Office of Chief Counsel
1101 South Front Street, Suite 5100
Harrisburg, PA  17104-2517
Telephone (717) 787-8126
Facsimile (717) 705-1774

MICHAEL K. PARLOW, ESQUIRE
ZENSTEIN, GALLANT & PARLOW, P.C.
3618 HULMEVILLE ROAD
BENSALEM  PA 19020

RE:    Javon Harris, DF-7337
         Parole No. 6192-U

Dear Attorney Parlow:

This is a response to your petition for administrative review received by facsimile on February 28, 2005 (hardcopy received 3/1/05), which objects to the Board decision mailed February 3, 2005.

Your client's parole date for purposes of parole revocation calculations is April 19, 2001, which is the date he was paroled to the state detainer sentence at institution number EP-6902. *Rosenberger v. Pennsylvania Board of Probation and Parole*, 510 A.2d 866 (Pa. Commw. 1986).  At the time of his parole, Mr. Harris' max date was September 28, 2003, which left 2 years, 5 months and 9 days remaining on his sentence.  While on parole, he was arrested and convicted on new criminal charges.  Based on Mr. Harris' conviction, the Board had authority to recommit him as a convicted parole violator. 61 P.S. § 331.21a(a).  Moreover, upon his recommitment as a convicted parole violator Mr. Harris forfeited credit for all of the time that he spent on parole, which means that he still had 2 years, 5 months and 9 days remaining on his sentence.

Additionally, the law clearly provides that a convicted parole violator is required to serve his new sentence and the backtime from his original sentence in consecutive order. 61 P.S. 331.21a(a). *See also Commonwealth v. Dorian*, 468 A.2d 1091 (Pa. 1983).  Furthermore, because Mr. Harris did not post bail from the February 13, 2004 arrests, credit for the period he was confined from that date to the November 5, 2004 applied to his new sentences.  Your client became available to begin serving his backtime on November 5, 2004, when he was paroled from the new sentence.  Adding 2 years, 5 months and 9 days to this date yields a new parole violation maximum date of April 14, 2007.

Accordingly, your petition for administrative review is denied.

Sincerely,

Chad L. Allensworth
Assistant Counsel

DATE MAILED:  MAR 2 9 2005

To: The Honorable Susan Paradise Baxter M.J

My attorney Micheal K. Parlow filed a petition with the board of probation and parole on my behalf on 2-28-05. For the time calculation error that the parole board has made in my case. The parole board denied my petition for administrative relief and mailed the copy to my attorneys office 3-29-05. My attorney did not mail the parole boards response to me until 4-14-05 (which is the date that is on his letter to me explaining what he was sending me) which I recieved days after. I'm writing asking for an extention in time. I need to get proper legal assistance to file a proper petition with the courts because I no longer have money to afford an attorney. Also from the date I recieved my copy of the parole boards response I didn't have much time. Thankyou for your time and consideration.

Sincerly
Javon Harris